[Cite as *Findlay v. Frenzel*, 2020-Ohio-4621.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

CITY OF FINDLAY,

    PLAINTIFF-APPELLEE,

CASE NO. 5-20-01

    v.

JOSHUA A. FRENZEL,

O P I N I O N

    DEFENDANT-APPELLANT.

CITY OF FINDLAY,

    PLAINTIFF-APPELLEE,

CASE NO. 5-20-02

    v.

JOSHUA A. FRENZEL,

O P I N I O N

    DEFENDANT-APPELLANT.

Appeals from Findlay Municipal Court
Trial Court Nos. 18-TRC-6376 and 18-TRD-9528

**Judgments Affirmed**

Date of Decision:  September 28, 2020

APPEARANCES:

    *Jessica Borsani Powell* for Appellant

    *Marshall Wm. Finelli* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Joshua A. Frenzel ("Frenzel") brings appeal from the judgments of the Findlay Municipal Court denying his motions to suppress. For the reasons set forth below, the judgments are affirmed.

*Appellate Case No. 5-20-01*

{¶2} On July 10, 2018, Officer Jakob Sigler ("Sigler") of the Findlay Police Department arrested Frenzel for suspicion of an OVI in violation of local ordinance 333.01(A)(1)(b). ADoc. 1.[1] When taken to the police station, Sigler advised Frenzel of his Miranda rights and read BMV form 2255 to Frenzel. Tr. 42. Frenzel consented to taking the breath test to determine his blood alcohol content ("BAC"). Tr. 43. Frenzel made two attempts to provide a sufficient breath sample, but was unable to do so. Tr. 45. Sigler testified that he then asked Frenzel if he wished to attempt a third breath test or if he wanted to go to the hospital for a blood draw. Tr. 45. Frenzel consented to having his blood drawn to determine the BAC. Tr. 45. Sigler then took Frenzel to the hospital to have the blood taken. Tr. 45. Once they arrived at the hospital, Frenzel laid down on the bed and went to sleep until the phlebotomist came into the room to take the blood sample. Tr. 46. According to Sigler, Frenzel was cooperative at all times and voluntarily walked where asked. Tr. 46. At no time did Frenzel indicate he did not want to take the test after initially

---

[1] The docket for trial court case number 18 TRC06376 will be identified as "ADoc." The docket for trial court case number 18 TRD09528 will be identified as "BDoc."

consenting. Tr. 47. When asked for consent by the phlebotomist to have blood drawn, Frenzel consented. Tr. 53. The blood test showed a BAC level of .13. Tr. 49.

{¶3} On July 12, 2018, a complaint was filed charging Frenzel with an OVI in violation of local ordinance 333.01(A)(1)(b). ADoc. 1. On September 12, 2018, Frenzel filed a motion to suppress the blood draw due to a warrantless search. ADoc. 12. A hearing was held on this motion on January 16, 2019. ADoc. 59. The testimony discussed above was presented at the hearing. On May 20, 2019, the trial court overruled the motion to suppress on the grounds that Frenzel consented to the blood draw. ADoc. 24 at 10. On November 21, 2019, Frenzel withdrew his plea of not guilty and entered a plea of no contest. Doc. 63. After discussing the matter with Frenzel, the trial court accepted the no contest plea and found Frenzel guilty. *Id*. The trial court subsequently sentenced Frenzel to a jail sentence of 365 days ADoc. 68. Frenzel filed a timely notice of appeal. ADoc. 74.

*Appellate Case No. 5-20-02*

{¶4} On October 4, 2018, Frenzel was charged with driving with a suspended license in violation of local ordinance 335.071(A). BDoc. 1. On November 29, 2018, Frenzel filed a motion to suppress alleging that the officer lacked a reasonable articulable suspicion to stop his vehicle. BDoc. 9. The hearing was held on April 24, 2019. BDoc. 59. Officer Sam Smith ("Smith") testified that he observed a vehicle stopped at a stop sign with a clearly painted stop line with the front tires on

top of the stop bar. Tr. 9. Smith believed that to be a violation of the city ordinance and proceeded to stop the vehicle and learned that it was driven by Frenzel. Tr. 10-12. Frenzel told Smith that his license was suspended. Tr. 12. Smith verified this was the case and issued the citation. Tr. 12. On May 20, 2019, the trial court overruled the motion to suppress in this case finding there was reasonable, articulable suspicion for the stop. BDoc. 24. Frenzel later changed his plea from not guilty to no contest. BDoc. 63. The trial court found Frenzel guilty of driving under suspension and sentenced him to 30 days in jail. BDoc. 66. A timely notice of appeal was filed in this case. BDoc. 70.

{¶5} The two cases were consolidated for the purpose of appeal. On appeal, Frenzel raises the following assignments of error

### First Assignment of Error

**The trial court in Case No. [5-20-01] erred in denying [Frenzel's] motion to suppress as no warrant was obtained for the blood test and [Frenzel] did not consent to the blood test.**

### Second Assignment of Error

**The trial court in Case No. [5-20-02] erred in denying [Frenzel's] motion to suppress as the officer did not have reasonable suspicion based on specific and articulable facts to initiate a traffic stop when the tires of [Frenzel's] vehicle stopped on the stop line without going over the stop line.**

{¶6} The assignments of error allege that the trial court erred in denying both motions to suppress.

> **An appellate review of the trial court's decision on a motion to suppress involves a mixed question of law and fact.** *State v. Burnside*, **100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8;** *State v. Norman*, **136 Ohio App.3d 46, 51, 735 N.E.2d 953 (3d Dist. 1999). We will accept the trial court's factual findings if they are supported by competent, credible evidence, because the "evaluation of evidence and the credibility of witnesses" at the suppression hearing are issues for the trier of fact.** *State v. Mills*, **62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992);** *Norman* **at 51, 735 N.E.2d 953;** *Burnside* **at ¶ 8. But we must independently determine, without deference to the trial court, whether these factual findings satisfy the legal standard as a matter of law because "the application of the law to the trial court's findings of fact is subject to a de novo standard of review."** *Norman* **at 52, 735 N.E.2d 953;** *Burnside* **at ¶ 8.**

*State v. Urdiales*, 3d Dist. Henry No. 7-15-03, 2015 -Ohio- 3632, ¶ 12, 38 N.E.3d 907.

*Case No. 5-20-01*

{¶7} In the first assignment of error, Frenzel claims that the trial court erred in denying his motion to suppress because the blood draw constituted a warrantless search. Generally, a blood draw is considered to be a search pursuant to the Fourth Amendment and a warrant is required unless it falls within a recognized exception. *Missouri v. McNeely*, 569 U.S. 141, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013). One such exception is if the person consents to the search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). That consent need not be express if it may fairly be inferred from the context. *Birchfield v. North Dakota,* 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016).

{¶8} Here, the undisputed testimony was that Frenzel consented to the blood draw while at the police station. He then walked to the police car for transportation to the hospital without any indication of refusal. At the hospital, he walked into the examination room of his own accord. When the phlebotomist asked if he consented to the blood draw, he consented. At all times, his words and actions indicated that he was consenting to the blood draw. The trial court found, based upon this testimony, that Frenzel had consented to the search. All of the evidence supports this conclusion. Thus, the trial court did not err in finding consent was given and the first assignment of error is overruled.

*Case No. 5-20-02*

{¶9} In the second assignment of error, Frenzel alleges that the trial court erred by finding the officer had a reasonable, articulable suspicion for stopping his vehicle. "[A] traffic stop is constitutionally valid if an officer has a reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 7, 894 N.E.2d 1204. "Therefore, if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." *Id.* at ¶ 8.

{¶10} In this case, Smith testified that he stopped Frenzel's vehicle because he observed the tires of the vehicle on top of the stop line. This Court has addressed

whether this action is a traffic violation in *State v. Miller*, 3d Dist. Marion No. 9-14-50, 2015-Ohio-3529. In *Miller*, the vehicle in question was straddling the stop line with the front portion of the vehicle beyond the stop line edge nearest to the intersecting roadway and the rear portion behind the stop line edge furthest from the intersecting roadway. R.C. 4511.43 requires a driver to stop at a clearly marked stop line "at the point nearest the intersecting roadway". R.C. 4511.43. This Court held that "it is unlawful to stop astride a clearly marked stop line, and that a motorist must stop his or her vehicle prior to the point at which the front-most portion of his or her vehicle will break the plane of the outermost edge of that clearly marked stop line." *Miller* at ¶ 24. In other words, the front-most portion of the vehicle, usually the bumper, cannot cross the plane of the stop line edge nearest to the intersecting roadway, although the front-most portion can be atop the stop line. The fact that the driver in *Miller* straddled the stop line was found to be sufficient to justify the stop.

{¶11} Here, Smith testified that he observed Frenzel's tires on top of the stop line at the stop sign. This testimony raises a reasonable, articulable suspicion that the front-most portion of the vehicle had broken the plane of the edge of the stop line that was nearest to the intersecting roadway. Thus, Smith could reasonably stop the vehicle due to his suspicion that a traffic violation had occurred. Once the vehicle was stopped, Frenzel provided probable cause for the citation by admitting that he was driving while his license was suspended, a fact that was confirmed by Smith prior to the issuance of the citation. Given these facts, the trial court did not

err in finding Smith had reasonable, articulable suspicion to stop the vehicle and the second assignment of error is overruled.

{¶12} Having found no prejudicial error in particulars assigned and argued, the judgments of the Findlay Municipal Court are affirmed.

*Judgments Affirmed*.

**PRESTON and ZIMMERMAN, J.J., concur.**